IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID WIGGINS,

    Plaintiff,

v.                                                                                        Civ. No. 19-723 GBW

KILOLO KIJAKAZI,[1]
*Acting Commissioner of the Social
Security Administration*,

    Defendant.

### ORDER GRANTING ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(B)

THIS MATTER comes before the Court on Plaintiff's Motion for Attorney Fees Pursuant to § 206(b)(1). *Doc. 28*. Plaintiff seeks attorney fees pursuant to the Social Security Act, § 206(b), 42 U.S.C. § 406(b), following an award of past-due benefits by the Social Security Administration ("SSA"). The SSA takes no position on Plaintiff's request. *Id.* at ¶ 10. Having reviewed the briefing and being otherwise fully advised in the premises, the Court finds the motion well-taken and GRANTS it.

I.    **BACKGROUND**

On July 20, 2016, Plaintiff filed an initial application for Social Security Disability Insurance ("SSDI"), alleging disability beginning April 3, 2015. Administrative Record ("AR") at 40. Plaintiff's application was denied by a final decision of the Social Security

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is automatically substituted for Andrew Saul as defendant in this matter.

Administration ("SSA") effective June 22, 2019. AR at 1. On August 8, 2019, Plaintiff initiated suit in this Court. *Doc. 1*. He filed a motion to reverse and remand the SSA's decision on December 18, 2019. *Doc. 18*. Instead of a response in opposition, the SSA filed an unopposed motion to remand on February 28, 2020, which was granted on March 3, 2020. *Docs. 23, 24*. On May 28, 2020, Plaintiff moved for an award of fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). *Doc. 26*. The Court awarded Plaintiff $3,300.00 in attorney's fees. *Doc. 27*.

On remand, the SSA issued a favorable decision to Plaintiff, finding that Plaintiff was disabled beginning April 13, 2018. *Doc. 28-1* at 1–2. On July 11, 2021, the SSA awarded Plaintiff past-due SSDI benefits totaling $69,550, withholding $17,387.50 (i.e., 25% of the total past-due benefits) for payment of attorney's fees. *Doc. 28* at ¶ 2; *doc. 28-1* at 3–4. Of the total amount withheld, the SSA paid $6,000 for representation at the agency level pursuant to 42 U.S.C. § 406(a). *Doc. 28-1* at 3. In the instant Motion, Plaintiff moves for attorney fees pursuant to 42 U.S.C. § 406(b) in the amount of $11,387.50. *Doc. 28* at ¶ 11.

II.     **STANDARD OF REVIEW**

Attorneys representing Social Security claimants may receive fee awards under both the EAJA and 42 U.S.C. § 406.[2] Fees pursuant to 42 U.S.C. § 406 are awarded upon

---

[2] If an attorney receives awards under both EAJA and § 406(b), the attorney must refund the smaller award to the claimant. *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

a claimant's receipt of past-due benefits. *McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006). Fees for representation at administrative proceedings are governed by § 406(a), while § 406(b) governs fees for representation in court. *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002). "[E]ach authority sets fees for the work done before it; thus, the court does not make fee awards for work at the agency level, and the Commissioner does not make fee awards for work done before the court." *McGraw*, 450 F.3d at 498.

Under § 406(b), "[w]henever a court renders a judgment favorable to a claimant . . . the court may determine and allow as part of its judgment a reasonable fee" for the attorney who represented that claimant before the court, provided that the fee is "not in excess of 25 percent of the total of the past-due benefits" resulting from the judgment. § 406(b)(1)(A); *see also Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2019) (holding that "the 25% cap in § 406(b)(1)(A) applies only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) and (b)").

The Supreme Court has held that "§ 406(b) does not displace contingent-fee agreements," noting that such agreements are "the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht*, 535 U.S. at 807. Instead, "§ 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id*. "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*.

3

The reasonableness determination is "based on the character of the representation and the results the representative achieved." *Id*. at 808 (citations omitted). In making such a determination, a court may therefore consider factors such as (1) whether the representation was substandard, (2) whether the attorney was responsible for any delay that caused benefits to accrue, and (3) whether the benefits are large in comparison to the amount of time counsel spent on the case. *Id.*; *Gordon v. Astrue*, 361 F. App'x 933, 935 (10th Cir. 2010) (unpublished).

### III.   ANALYSIS

The requested fee of $11,387.50 is less than 25% of Plaintiff's total past-due benefits, which is under the threshold permitted by § 406(b). When added to the $6,000 paid at the agency level, the total amount of attorney's fees awarded pursuant to § 406 equals 25%.[3] Thus, the requested fee award falls within the mandatory threshold.

Turning to the *Gisbrecht* reasonableness factors, the Court finds that the representation of Plaintiff before this Court was not substandard. Plaintiff's counsel obtained a favorable outcome for Plaintiff, resulting in a finding of disability and past-due benefits of $69,550. Plaintiff's counsel was able to obtain this result less than a year

---

[3] It is unclear from Plaintiff's motion who provided representation at the agency level. *See, e.g., doc. 28* at ¶ 2. Based on the Court's experience with § 406(b) motions, it is usually the case that the attorney who provided representation before this Court provides representation upon remand. While the Court does not have any oversight of attorneys' fees paid at the agency level, it is sometimes necessary for the Court, in its role as "an independent check," *Gisbrecht*, 535 U.S. at 807, to review such fees. Because the total amount of attorney's fees here is consistent with both § 406 and the fee agreement, *see doc. 28-2* at 1, the Court can approve the requested award regardless of who received the agency-level award.

4

after this suit was filed, a relatively expeditious turnaround time for a Social Security appeal in the Court's experience.  There is no basis to find that delay by Plaintiff's counsel caused benefits to accrue.

The requested fee is also reasonable relative to the hours Plaintiff's counsel expended.  Plaintiff's counsel recorded 17.9 hours for representing Plaintiff before this Court.  *Doc. 28-3*.  This number is below the average hours typically billed for a Social Security appeal.  *See Martinez v. Colvin*, 2016 WL 9774938, at *2 (D.N.M. Nov. 30, 2016) (unpublished) ("Courts have held the average hours required to fully brief a social security appeal in the Tenth Circuit generally range from 20 to 40 hours.").  On the other hand, the hours billed here ought to be less than the average, given that the SSA agreed to remand the case before briefing was complete and that the administrative record was a relatively modest 445 pages.  Based on other § 406(b) fees awarded in this district, however, the requested fee of $11,387.50 is reasonable in both the total amount and the equivalent hourly rate of $636.17.  *See Ammons v. Saul*, 2021 WL 2351632, at *3 (D.N.M. June 9, 2021) (unpublished) (citing cases awarding fees ranging from $10,105 to $14,112); *Quezada v. Saul*, 2019 WL 7293402, at *4 (D.N.M. Dec. 30, 2019) (unpublished) (citing cases awarding fees equaling $645 to $700 per hour).  In sum, the requested fee of $11,387.50 satisfies the *Gisbrecht* factors.

Finally, there is no issue with the timing of this motion.  *See McGraw*, 450 F.3d at 505 (citation omitted) ("A motion for an award of fees under § 406(b)(1) should be filed

within a reasonable time of the Commissioner's decision awarding benefits."). The notice of award of past-due benefits was sent to Plaintiff on July 11, 2021, *doc. 28-1* at 1, and this motion was filed two week later.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion (*doc. 28*) is GRANTED, and the Court hereby authorizes an award of **$11,387.50** in attorney fees, to be paid to Plaintiff's attorney by the SSA from the funds withheld for this purpose.

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall refund to Plaintiff the fee of **$3,300.00** awarded under the EAJA pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**